**\*\*NOT FOR PUBLICATION\*\***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALBERT TALKER, | : |
| | : Civil Action No: 3:12- cv-02019 |
| Plaintiff, | : |
| | : |
| v. | : OPINION |
| | : |
| MONMOUTH COUNTY, NJ, | : |
| | : |
| Defendant. | : |

**WOLFSON, United States District Judge**:

Plaintiff Albert Talker ("Plaintiff" or "Talker"), *pro se*, brings the instant action against Monmouth County, NJ ("Defendant" or "County"), alleging that a state court judge sitting on the Monmouth County Superior Court ("Superior Court") violated his constitutional rights pursuant to 42 U.S.C. §1983. Defendant now moves for dismissal pursuant to Rule 12(b)(6), arguing that the Plaintiff has failed to state a claim upon which relief can be granted. For the reasons set forth below, Defendant's motion is GRANTED.

**I.     BACKGROUND**

On this motion to dismiss, the Court recounts the relevant facts from the Complaint, taking them as true, and references prior judicial decisions rendered by other tribunals.[1] In his complaint, Talker alleges that certain orders and decisions issued by a state court judge sitting on

---

[1] Public documents and prior judicial proceedings may be considered by the Court in deciding a motion to dismiss. *See Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999); *Angstadt v. Midd-West Sch. Dist.*, 377 F.3d 338, 342 (3d Cir. 2004). *See also Herring v. United States*, No. 03-5500, 2004 U.S. Dist. LEXIS 18545, 2004 WL 2040272, at \*7 (E.D.Pa. Sept.10, 2004), *aff'd*, 424 F.3d 384 (3d Cir. 2005).

1

the Superior Court violated his civil rights. Compl., p. 3. He generally claims that the state court judge presiding over Talker's divorce suit in the Law Division of the Monmouth County Superior Court acted with extreme bias while issuing orders regarding Talker's parental and marital rights. *Id.* at 5. Specifically, Talker claims that by limiting his child visitation rights, the Superior Court "mentally kidnapped" his children and allowed them to become brain-washed. *Id.* at 3. Talker also alleges that the Superior Court acted with bias by "distribut[ing] marital funds without legal basis," issuing "a FRO" by "relying on 'eyes of the court,'" and admitting certain evidence, which violated his right to freedom of speech and to client/attorney privilege. *Id.* Finally, Talker alleges that the Superior Court denied him the ability to bring cases *pro se*, a right covered under 28 U.S.C. §1654. *Id.* Following the judge's decision, Talker filed an appeal with the state court's Appellate Division, and that court affirmed the decision. *See Talker v. Talker*, No. A-3441-10T1, 2012 N.J. Super. Unpub. LEXIS 735 (App. Div. Apr. 4, 2012).

In his action before this Court, Talker asserts several 42 U.S.C. §1983 claims. *Id.* Through these claims, he seeks $500,000,000 in damages for the emotional distress caused by the "mental kidnapping" of his children and the processing of false accusations. Compl., p. 4. Additionally, he seeks declaratory relief and the costs of litigation. *Id.* Talker does not explicitly allege in his complaint that Monmouth County directly participated in any of the alleged wrongdoing or that Monmouth County had any role in supervising the Superior Court. *Id.* at 1-5. Consequently Monmouth County now moves to dismiss Talker's claims against it.

II.     **STANDARD OF REVIEW**

Rule 8 (a) of the Federal Rules of Civil Procedure provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and

(3) a demand for judgment for the relief the pleader seeks." Fed.R.Civ.P. 8(a). The purpose of a complaint is to inform the opposing party and to inform the court as to the nature of the claim and defenses being asserted by the party as well as the relief being requested. *Hemy v. Perdue Farms, Inc.*, 2011 U.S. Dist. LEXIS 137923, 12-15 (D.N.J. Nov. 30, 2011).

Under Rule 12(b)(6) of the Federal Civil Rules of Procedure, a claim or counterclaim should be dismissed "where it is certain that no relief could be granted under any set of facts that could be proved." *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990). Courts reviewing a motion to dismiss must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (citation and quotations omitted). In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court clarified the 12(b)(6) standard. In doing so, they retired *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) which required a complaint not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim. *Conley*, 355 U.S. at 45-46. Instead, the factual allegations set forth in a complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 F.3d at 555. As the Third Circuit has stated, "[t]he Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest 'the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of 'the necessary element'." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556).

In affirming that *Twombly* standards apply to all motions to dismiss, the Supreme Court recently explained the following principles. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1950. The plausibility standard requires that "the plaintiff plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 556).

Ultimately, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler*, 578 F.3d at 211. The Third Circuit recently reiterated that "judging the sufficiency of a pleading is a context-dependent exercise" and "[s]ome claims require more factual explication than others to state a plausible claim for relief." *West Penn Allegheny Health System, Inc. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010). This means that, "[f]or example, it generally takes fewer factual allegations to state a claim for simple battery than to state a claim for antitrust conspiracy." *Id.* Even so, the Rule 8 pleading standard should be applied a similar amount of rigor in all civil actions. *Church & Dwight Co. v. SPD Swiss Precision Diagnostics*, 2010 U.S. Dist. LEXIS 133114, 6-7 (D.N.J. Dec. 16, 2010).

Because the Plaintiff appears *pro se*, the Court will construe his submissions liberally. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); see also *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) ("A document filed *pro se*

is 'to be liberally construed.'") (quoting *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) *reh'g denied* 429 U.S. 1066, 97 S. Ct. 798, 50 L. Ed. 2d 785 (1977)).

## III.   DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory … subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Generally, local government units and supervisors are not liable under § 1983 solely on a theory of *respondeat superior*. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 n.8, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985); *Monell v. New York City Department of Social Services*, 436 U.S. 658, 690-91, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) (holding that municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). That is, "a defendant in a civil rights action must have personal involvement in the alleged wrongs..." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted). *Accord Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1293-96 (3d Cir. 1997)

*overruled in part on other grounds by Burlington N. & Santa Fe Ry. Co. v. White,* --- U.S. ----, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006), *and by Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 751, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998). To demonstrate personal involvement, a plaintiff must allege personal direction or actual knowledge and acquiescence." *Id.*; *Baker v. Monroe Twp.*, 50 F.3d 1186, 1190-91 (3d Cir. 1995).

As a preliminary matter, the Court notes that although the County has been named as the sole defendant, all of the events giving rise to Talker's claim occurred at the Monmouth County Court House and are related to the state court judge's decision in Talker's divorce case. Talker does not allege any personal involvement, knowledge or acquiescence by the County with respect to his allegations against the Superior Court. Indeed, Plaintiff has not asserted any allegations against this defendant, the County. This failure alone is a sufficient basis for dismissing his claims against the County. *See Ray v. New Jersey,* 219 F.App'x 121, 124 (3d Cir. 2007) (dismissing a *pro se* plaintiff's claims against Atlantic County, New Jersey where "[t]he complaint does not allege that [this] part[y] had any direct involvement in the alleged wrongdoing."). Moreover, even assuming that Plaintiff's claim against the County is premised on a claim of supervisor liability, such claims are not generally cognizable in a § 1983 action and, more to the point, the County does not exercise supervisory authority over the Monmouth County Superior Court.[2]

In his opposition, Talker focuses on the conduct of the state court judge, arguing that "the right to an impartial judge is guaranteed by the Due Process Clause of the Fourteenth

---

[2] Teri O'Connor, Administrator of the Monmouth County Superior Court attests in an affidavit that the County does not exercise any such supervisory authority over the court. *See* O'Connor Afft., ¶ 4. I may rely upon this affidavit on a motion to dismiss because it addresses facts integral to the plaintiff's complaint. *See West Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 97 (3d Cir. 2010).

6

Amendment to the Constitution." Pl. Opp. at 2. However, even if Talker had named the Superior Court or any of its judges as defendants, his claims would still be dismissed against such defendants because judges enjoy absolute immunity and the Superior Court is not considered to be a person within the meaning of the §1983 statute.[3]

A judicial officer in the performance of his or her duties has absolute immunity from suit. *Mireles v. Waco*, 502 U.S. 9, 12, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991). Further, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 55 L. Ed.2d 331 (1978). Judicial immunity serves an important function in that it furthers the public interest in judges who are "at liberty to exercise their functions with independence and without fear of consequences." *Pierson v. Ray*, 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L. Ed.2d 288 (1967). Moreover, judicial immunity is immunity from suit, not just from ultimate assessment of damages. *Mireles*, 502 U.S. at 11.

Here, Talker's allegations against the state court judge center on the judge's ruling in the divorce proceeding. Because issuing substantive legal rulings is a judge's core function, the judge would clearly be entitled to immunity for his actions. While Talker alleges that the judge's ruling caused him emotional harm, courts have emphasized the extensive scope of judicial immunity, holding that immunity applies regardless of how "injurious in its consequences [the judge's action] may have proved to the plaintiff'." *Gallas v. Supreme Court*, 211 F.3d 760, 769 (3d Cir. 2000) (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 199-200, 106 S. Ct. 496, 88 L. Ed. 2d 507 (1985)). Indeed, "the public policy favoring the judicial immunity doctrine outweighs

---

[3] For this reason, granting Talker leave to amend his complaint to name the state court judge would be futile.

any consideration given to the fact that a judge's errors caused the deprivation of an individual's basic due process rights." *Figueroa*, 39 F. Supp.2d at 495.[4]

Furthermore, Plaintiff's claims against the court could not be recognized under section 1983 since a court is not a "person" subject to suit under 42 U.S.C. § 1983. *See Ray,* 219 F.App'x at 124*; Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989); *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 688-90, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). The Court notes, finally, that Plaintiff was already given legal recourse to correct any alleged errors made by the courts in his earlier lawsuit. Plaintiff sought relief by appealing to the Appellate Division, and the judge's ruling was affirmed. Talker should not now be asking this Court, in effect, to overturn the Appellate Division's decision based on his dissatisfaction with the Appellate Division's ruling.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff has failed to state a claim under 42 U.S.C. § 1983 against Monmouth County, New Jersey. Accordingly, Defendants' motion to dismiss Plaintiff's claims is granted.

/s/ Freda L. Wolfson
Freda L. Wolfson, U.S.D.J.

Dated: July 17, 2012

---

[4] There are two circumstances where a judge's immunity from civil liability may be overcome. These exceptions to the doctrine of judicial immunity are narrow in scope and are infrequently applied to deny immunity. The first exception is where a judge engages in nonjudicial acts, *i.e.*, actions not taken in the judge's judicial capacity. *Id.*; *see also Figueroa*, 208 F.3d at 440. The second exception involves actions that, though judicial in nature, are taken in the complete absence of jurisdiction. *Mireles*, 502 U.S. at 11; *Figueroa*, 208 F.3d at 440. Neither exception is applicable in the present case.